UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| AFG, LLC, a Colorado limited-liability company,   ) | |
| ) | |
| Plaintiff,   ) | Case No.  2:10-cv-01296-GMN-GWF |
| ) | |
| vs.   ) | **ORDER** |
| ) | |
| YOSSI ATTIA, an individual,   ) | **Motion to Transfer Venue - #10** |
| ) | |
| Defendant.   ) | |
| _____) | |

This matter is before the Court on Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (#10), filed on September 13, 2010; Plaintiff's Response to Motion to Transfer Venue (#13), filed on October 12, 2010; and Defendant's Reply in Support of Motion to Transfer Venue (#14), filed on October 22, 2010.  The Court conducted a hearing in this matter on May 9, 2011 and, for the reasons stated herein, denied the Motion.

## BACKGROUND

This action involves a claim for a deficiency judgment on a promissory note secured by a deed of trust on real property located in Nevada.  Plaintiff AFG, LLC, a Colorado limited liability company, filed its complaint in the Clark County, Nevada District Court on June 11, 2010.  Defendant removed this action to federal court on August 2, 2010.  The complaint alleges that on or about February 21, 2008, Verge Living Corporation ("Verge"), a Nevada corporation, and Defendant Yossi Attia, as borrowers, jointly executed a promissory note in favor of Plaintiff for a loan in the principal amount of $1,660,000.00.  The promissory note was secured by a deed of trust on real property located on North First Street and North Main Street in Las Vegas, Nevada.  The complaint alleges that Verge and Defendant Attia failed to make payments in accordance with the

promissory note and that Plaintiff exercised its right to declare all obligations due and payable and to proceed with a non-judicial foreclosure pursuant to the deed of trust.  Prior to foreclosure, Verge filed for bankruptcy in the United States Bankruptcy Court for the District of Nevada.  Plaintiff obtained relief from the bankruptcy stay, however, and the foreclosure sale took place on April 8, 2010.  At the time of the foreclosure sale, the outstanding balance due under the terms of the promissory note was $2,675,154.67.[1]  The foreclosure sale "resulted in a credit of $1,400,000.00 to the outstanding amount Borrowers jointly and severely (sic) owed to the Plaintiff." *Complaint,* ¶ 7.  This left a deficiency owing in the amount of $1,275,154.67 which Plaintiff seeks to recover from Defendant Attia pursuant to Nevada Revised Statute §40.455, together with interest, costs, expenses and attorney's fees.  *Id.* ¶¶ 8, 9.

## DISCUSSION

Defendant moves to transfer this action to the United States District Court for the Central District of California pursuant to 28 U.S.C. §1404(a).  Section 1404(a) states that "a district court may transfer any civil action to any other district or division where it might have been brought" for "the convenience of the parties and witnesses [and] in the interest of justice."  The moving party must first show that the action could have been brought in the transferee district.  *Goodyear Tire & Rubber Co. v. McDonnell Douglas Corp.,* 820 F.Supp. 503, 506 (C.D.Cal.1992). The court then balances the competing public and private interest factors to determine if transfer is appropriate, recognizing that "1404(a) provides for transfer to a more convenient forum, not to a forum likely to prove equally convenient or inconvenient," *Van Dusen v. Barrack,* 376 U.S. 612, 645-46 (1964). "Transfer should not be granted if the effect is simply to shift the inconvenience to the party resisting the transfer."  Nor is the court required to determine the best venue for the action. *Gherebi v. Bush,* 352 F.3d 1278, 1303 (9th Cir. 2003) (internal quotations omitted), *vacated on other grounds,* 542 U.S. 952 (2004).  There is a strong presumption in favor of the plaintiff's choice of forum which must be taken into account when deciding whether transfer is required.  The

---

[1] No explanation has been provided for the increase in the amount of the obligation secured by the promissory note between the date of its execution and the foreclose sale.

presumption is not controlling, however. *Id.* at 1303.

The Ninth Circuit has identified a number of public and private factors that a district court may consider on a case-by-case basis in deciding whether venue should be transferred. *Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000). These factors include: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) ease of access to sources of proof.

Defendant bases his motion for transfer on the convenience of non-party witnesses who may also be unwilling to travel to Nevada for trial. In support of his argument, Defendant cites statements by courts and commentators that the convenience of non-party witnesses is often the most important factor in deciding whether to transfer an action. *See e.g.* Wright, Miller & Cooper, *Federal Practice and Procedure*: Jurisdiction 3d § 3851 (2007); *Getz v. Boeing Co.*, 547 F.Supp.2d 1080, 1083-4 (N.D.Cal. 2008). Weighing the convenience of the witnesses, however, is not a battle of numbers, but instead requires analysis of the importance of the witnesses' proposed evidence. *Sloan v. Pfizer, Inc.*, 2008 WL 4167083, *5 (N.D. Cal. 2008), citing *Waites v. First Energy Leasing Corp.*, 605 F.Supp. 219, 222 (N.D.Ill.1985); and *Abbott v. Schneider National Carriers, Inc.*, 2008 WL 4279590, *4 (E.D.Mo. 2008).

In addition to himself, Defendant states that Darren Dunckel, the former president and CEO of Verge, Moshe J. Schnapp, and the person most knowledgeable for Westgold Escrow Services are expected to testify as to the facts surrounding the alleged deficiency on the promissory note, as well as to other defenses that Defendant Attia has against the Plaintiff. *Motion (#10), Exhibit A, Declaration of Yossi Attia.* Defendant's motion and declaration provided no specifics about these witnesses' expected testimony. Defendant argues in his Reply, however, that the promissory note and deed of trust were changed or modified during Verge's Chapter 11 bankruptcy and that this modification constituted a novation that extinguished Defendant's duty, if any, to Plaintiff.

Defendant states that Mr. Dunckel has information about the bankruptcy plan confirmation and the modification of the note and deed of trust. *Reply (#14), pages 3-4.*

Plaintiff's counsel stated at the hearing on this motion that the Chapter 11 plan modified Verge's obligation on the promissory note only to the extent that it made payments in accordance with the plan. If Verge failed to perform under the plan, as it allegedly failed to do, then the borrowers' original liability under the note and deed of trust would be enforceable. While the plan modification and possible extinguishment of Defendant's obligation may be an issue on which witness testimony will be necessary, based on the limited information provided, it appears more likely that this issue will be determined by the provisions of the Chapter 11 plan documents and the relevant orders of the Bankruptcy Court.

Plaintiff argues that the only issue likely to be contested at trial is the fair market value of the property at the time of the foreclosure sale and that its appraiser, who will testify regarding the value of the property, is located in Nevada. As Defendant points out, a significant number of cases have stated that the convenience of expert witnesses need not be considered or should be given little weight on a transfer motion. *Wibau, Westdeutsche Industries v. American Hoist & Derrick Co.*, 293 F.Supp. 273, 275 (S.D.N.Y. 1968) and Wright, Miller & Cooper, *Federal Practice and Procedure*: Jurisdiction 3d § 3852 (2007) (citing additional cases). Some cases state, however, that the court may consider the availability, convenience and importance of testimony by the parties' expert witnesses as a factor in deciding whether an action should be transferred. Wright, Miller & Cooper, *Federal Practice and Procedure*: Jurisdiction 3d § 3852 (2007) and *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F.Supp. 1392, 1397 n. 12 (S.D.Tex. 1992).

Based on the sketchy information regarding the importance of Defendant's non-party witnesses, this factor does not outweigh the presumption in favor of Plaintiff's choice of forum. The other applicable factors, on balance, also support denial of the motion. Although the loan documents were executed by Defendant in California, the action concerns a foreclosure on Nevada real property and the claim is governed by the Nevada deficiency judgment statute. Although a federal district court in California is certainly capable of applying Nevada law, the circumstances do not otherwise justify transferring this action to California. As in many deficiency judgment

actions, the fair market value of the property at the time of the foreclosure is likely to be a key trial issue and Plaintiff's appraiser is located in Nevada.  Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Transfer Venue Under 28 U.S.C. § 1404(a) (#10) is **denied.**

DATED this 11th day of May, 2011.

_____
GEORGE FOLEY, JR.
U.S. MAGISTRATE JUDGE